**Jerry D. BOLING, Petitioner–Appellant,**

v.

**Terry STEWART, Director of the Arizona Department of Corrections; Janet Napolitano, Attorney General of the State of Arizona,\* Respondents–Appellees.**

**No. 01–17054.**

**D.C. No. CV–98–01170–PGR.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.\*\*

Decided Dec. 9, 2002.

---

\* Janet Napolitano is substituted as the Attorney General of the State of Arizona. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM \*\*\*

Jerry D. Boling appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Boling challenges his Arizona conviction and 60–year sentence for six counts of attempted child molestation. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Fisher v. Roe,* 263 F.3d 906, 912 (9th Cir.2001), *abrogated on other grounds by Mancuso v. Olivarez,* 292 F.3d 939, 949 n. 4 (9th Cir.2002), we affirm.

We may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Garvin v. Farmon,* 258 F.3d 951, 954–55 (9th Cir.2001), *cert. denied,* 535 U.S. 990, 122 S.Ct. 1546, 152 L.Ed.2d 471 (2002). Because the state court denied Boling's claim without comment, we must independently review the record to determine if the state court's application of clearly established federal law was clearly erroneous. *Fisher,* 263 F.3d at 914.

Boling contends that his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) were violated because the prosecutor failed to disclose evidence that prior to trial the victim recanted to a witness for the state. We are unpersuaded.

---

The state violates *Brady* if material exculpatory evidence is not disclosed to the defense. *Hayes v. Woodford,* 301 F.3d 1054, 1075 (9th Cir.2002). Because the victim's testimony was impeached several times with recantations that she made to Boling's attorney prior to trial, there is no reasonable probability that the result of the proceedings would have been different if the victim had been impeached again regarding another pretrial recantation. *See Williams v. Woodford,* 306 F.3d 665, 696–697 (9th Cir.2002) (concluding that cumulative impeachment evidence is not material).

Accordingly, the district court properly denied Boling's § 2254 petition because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. *See Garvin,* 258 F.3d at 958.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.